UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIONEL WILLIAMS SEALS, JR., <br><br> Plaintiff, <br><br> v. <br><br> SAFETY HOLDINGS, INC., <br><br> Defendant. | Case No. 2:25-cv-02960-DJC-CSK <br><br> ORDER GRANTING MODIFIED STIPULATED PROTECTIVE ORDER <br><br> (ECF No. 14) |

The Court has reviewed the parties' stipulated protective order below (ECF No. 14), and finds it comports with the relevant authorities and the Court's Local Rule. *See* L.R. 141.1. The Court APPROVES the protective order, subject to the following clarification.

The Court's Local Rules indicate that once an action is closed, it "will not retain jurisdiction over enforcement of the terms of any protective order filed in that action." L.R. 141.1(f); *see Bylin Heating Sys., Inc. v. Thermal Techs., Inc.*, 2012 WL 13237584, at *2 (E.D. Cal. Oct. 29, 2012) (noting that courts in the district generally do not retain jurisdiction for disputes concerning protective orders after closure of the case). Thus, the Court will not retain jurisdiction over this protective order once the case is closed.

Dated:  March 3, 2026

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

4, seal2960.25

1

McKenzie Czabaj, AZ Bar No. 036711
appearance *pro hac vice*
**Consumer Justice Law Firm PLC**
8095 North 85th Way
Scottsdale, Arizona 85258
Phone: (480) 626-2376
Email: mczabaj@consumerjustice.com

Jenna Dakroub, CA Bar No. 350170
**Consumer Justice Law Firm PLC**
16130 Ventura Boulevard, Suite 300
Encino, California 91436
Phone: (602) 807-1525
Fax: (480) 613-7733
Email: jdakroub@consumerjustice.com

*Attorneys for Plaintiff*
*Lionel Williams Seals, Jr.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF CALIFORNIA
### SACRAMENTO DIVISION

| | |
|---|---|
| Lionel Williams Seals, Jr., | Case No.: 2:25-cv-02960-DJC-CSK |
| Plaintiff, | |
| v. | **JOINT MOTION FOR ENTRY OF PROTECTIVE ORDER** |
| Safety Holdings, Inc. d/b/a SambaSafety, | |
| Defendant. | |

Plaintiff Lionel Williams Seals, Jr. and Defendant Safety Holdings, Inc. d/b/a SambaSafety (herein referred as "the Parties"), pursuant to Federal Rule of Civil Procedure 26(c)(1)(G) and Local Rules 141.1 and 143, move for entry of a Protective Order in the form attached as Exhibit 1.

This is an action arising out of alleged violations of the Fair Credit Reporting Act. The Parties are engaged in discovery, specifically depositions and production of documents in this case pursuant to the Federal Rules of Civil Procedure. Many of the documents expected to be produced

2

in this case contain confidential and proprietary information that could be used by Defendant's competitors to gain an unfair advantage. The Parties therefore respectfully request the entry of the attached Protective Order to protect information already disclosed or information to be disclosed in the future in the discovery process.

**Memorandum of Law**

Under the Federal Rules of Civil Procedure, Rule 26(c), a protective order should be granted when the moving party establishes "good cause" for the order and justice requires that a protective order issue "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ." Fed. R. Civ. P. 26(c). A motion for protective order may be made by "a party or by the person from whom discovery is sought." *Id.* The "good cause standard" under Rule 26(c) for motions to seal records by protective order depends on "whether '"good cause" exists to protect th[e] information from being disclosed to the public by balancing the needs for discovery against the need for confidentiality.'" *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002)). "This 'good cause' standard presents a lower burden for the party wishing to seal documents than the 'compelling reasons' standard. The cognizable public interest in judicial records that underlies the 'compelling reasons' standard does not exist for documents produced between private litigants." *Id.*

Here, the information that will likely be sought in discovery as this case progresses may include information about Defendant's processes for receiving, maintaining, and evaluating confidential consumer and background check information. Rather than burdening the Court and delaying discovery in this case by objecting to disclosure of such information and requiring a document-by-document review to determine confidentiality, the Parties seek an umbrella protective order which permits them to designate certain information as confidential. In the event that any party to this litigation disagrees at any point in these proceedings with any designation made under this Protective Order, the Parties shall first try to resolve such dispute in good faith on

an informal basis. If the dispute cannot be resolved, the party objecting to the designation may seek appropriate relief from this Court.

For the foregoing reasons, the Parties respectfully request the entry of the attached Protective Order.

RESPECTFULLY SUBMITTED this 23rd day of February 2025.

By: */s/ McKenzie Czabaj*
McKenzie Czabaj, AZ Bar No. 036711
appearance *pro hac vice*
**Consumer Justice Law Firm PLC**
8095 North 85th Way
Scottsdale, Arizona 85258
T: (480) 626-2376
E: mczabaj@consumerjustice.com

Jenna Dakroub, CA Bar No. 350170
**Consumer Justice Law Firm PLC**
16130 Ventura Boulevard, Suite 300
Encino, California 91436
T: (602) 807-1525
F: (480) 613-7733
E: jdakroub@consumerjustice.com

*Attorneys for Plaintiff*
*Lionel Williams Seals, Jr.*

By: */s/ Timothy J. St. George*
Timothy J St. George, VA Bar No. 77349
appearance *pro hac vice*
**Troutman Pepper Locke LLP**
1001 Haxall Point, Suite 1500
Richmond, Virginia 23219
T: (804) 697-1254
E: timothy.st.george@troutman.com

Elizabeth Holt Andrews, SBN. 263206
**Troutman Pepper Locke LLP**
Three Embarcadero Center, Suite 800
San Francisco, California 94111-4057
T: (415) 477-5700
F: (415) 477-5710
E: elizabeth.andrews@troutman.com

*Attorneys for Defendant*
*Safety Holdings, Inc. d/b/a SambaSafety*

**EXHIBIT 1**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF CALIFORNIA**
**SACRAMENTO DIVISION**

| | |
|---|---|
| Lionel Williams Seals, Jr., | Case No.: 2:25-cv-02960-DJC-CSK |
| Plaintiff, | |
| v. | **STIPULATED PROTECTIVE ORDER** |
| Safety Holdings, Inc. d/b/a SambaSafety, | |
| Defendant. | |

The Parties to this Stipulated Protective Order have agreed to the terms of this Order; accordingly, it is **ORDERED**:

1.    Scope. All materials produced or adduced in the course of discovery, including initial disclosures, responses to discovery requests, deposition testimony and exhibits, and information derived directly therefrom (hereinafter collectively "documents"), shall be subject to this Order concerning Confidential Information as defined below. This Order is subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods. Pursuant to Local Rule 141.1(b)(1) and (2), this Order pertains to both pretrial and trial proceedings, including the admission of evidence at trial.

2.    Confidential Information. As used in this Order, "Confidential Information" means information designated as "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" by the producing party that meets the standards of FRCP 26(c) and falls within one or more of the following categories: (a) information prohibited from disclosure by statute; (b) information that reveals trade secrets; (c) research, technical, commercial or financial information that the party has maintained as confidential; (d) medical information concerning any individual; or (e) personal identity information. Information or documents that are

5

available to the public may not be designated as Confidential Information. Information or documents that were previously produced in any other litigation matter to an opposing party without designation may not be designated as Confidential Information.

3.     Designation.

(a)   A party may designate a document as Confidential Information for protection under this Order by placing or affixing the words "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" on the document and on all copies in a manner that will not interfere with the legibility of the document. As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries or descriptions that contain the Confidential Information. The marking "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" shall be applied prior to or at the time of the documents are produced or disclosed. Applying the marking "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. Any copies that are made of any documents marked "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" shall also be so marked, except that indices, electronic databases or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential Information are not required to be marked.

(b)   The designation of a document as Confidential Information is a certification by an attorney that the document contains Confidential Information as defined in this order.[1]

4.     Depositions. All deposition testimony taken in this case shall be treated as Confidential Information until the expiration of the following: No later than thirty (30)

---

[1] By designating documents confidential pursuant to this Order, counsel submits to the jurisdiction and sanctions of this Court on the subject matter of the designation.

days after the transcript of the testimony is made available, within this time period, a party may serve a Notice of Designation to all parties of record as to specific portions of the testimony that are designated Confidential Information, and thereafter only those portions identified in the Notice of Designation shall be protected by the terms of this Order. A party may only designate deposition testimony as confidential after a good faith review of the transcript and a supportable determination that the information warrants a confidential designation. The failure to serve a timely Notice of Designation shall waive any designation of testimony taken in that deposition as Confidential Information, unless otherwise ordered by the Court.

5.   Protection of Confidential Material.

(a)   General Protections. Confidential Information shall not be used or disclosed by the parties, counsel for the parties or any other persons identified in subparagraph (b) for any purpose whatsoever other than in this litigation, including any appeal thereof.

(b)   Limited Third-Party Disclosures. The parties and counsel for the parties shall not disclose or permit the disclosure of any Confidential Information to any third person or entity except as set forth in subparagraphs (1)-(10). Subject to these requirements, the following categories of persons may be allowed to review Confidential Information:

1.   Counsel. Counsel for the parties and employees of counsel who have responsibility for the action;

2.   Parties. Individual parties and employees of a party but only to the extent counsel determines in good faith that the employee's assistance is reasonably necessary to the conduct of the litigation in which the information is disclosed;

3.   The Court and its personnel;

4.   Court Reporters and Recorders. Court reporters and recorders engaged for depositions;

5.   Contractors. Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including

outside vendors hired to process electronically stored documents;

6. Consultants and Experts. Consultants, investigators, or experts employed by the parties or counsel for the parties to assist in the preparation and trial of this action but only after such persons have completed the certification contained in Exhibit A, Acknowledgment of Understanding and Agreement to Be Bound;

7. Mediators. Those individuals engaged by any party to assist the parties to resolve the matter.

8. Witnesses at depositions. During their depositions, witnesses in this action to whom disclosure is reasonably necessary. Witnesses shall not retain a copy of documents containing Confidential Information, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts. Pages of transcribed deposition testimony or exhibits to depositions that are designated as Confidential Information pursuant to the process set out in this Order must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order.

9. Author or recipient. The author or recipient of the document (not including a person who received the document in the course of litigation); and

10. Others by Consent. Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered.

(c) Control of Documents. Counsel for the parties shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of Confidential Information. Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of three years after the termination of the case.

6. Inadvertent Failure to Designate. An inadvertent failure to designate a document as Confidential Information does not, standing alone, waive the right to so designate the document; provided, however, that a failure to serve a timely Notice of Designation of deposition testimony as required by this Order, even if inadvertent, waives any protection for deposition testimony. A party or non-party who discloses or produces Confidential Information without designation may, within seven (7) days of discovering the failure to

8

designate or within 7 days of having had reason to discover the error, provide notice of the error and produce a designated copy of the same.

7.     Filing of Confidential Information. To the extent any motions, briefs, pleadings, deposition transcripts, or other papers to be filed with the Court incorporate documents or information subject to this Order, the party filing such papers shall designate such materials, or portions thereof, as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER," and shall file them with the Court Clerk under seal.  This Order does not, by itself, authorize the filing of any document under seal.  Any party wishing to file a document designated as Confidential Information in connection with a motion, brief or other submission to the Court must comply with applicable Local Rules.

8.     No Greater Protection of Specific Documents.  Except on privilege grounds not addressed by this Order, no party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Order unless the party moves for an order providing such special protection.

9.     Challenges by a Party to Designation as Confidential Information. The designation of any material or document as Confidential Information is subject to challenge by any party. The following procedure shall apply to any such challenge.

(a)   Meet and Confer. A party challenging the designation of Confidential Information must do so in good faith and the Parties shall meet and confer within five (5) business days from the date the challenge is made. In conferring, the challenging party must explain the basis for its belief that the confidentiality designation was not proper and must give the designating party an opportunity to review the designated material, to reconsider the designation, and, if no change in designation is offered, to explain the basis for the designation. The designating party must respond to the challenge within five (5) business days.  If the Parties cannot agree after the meet & confer, the designating party must file a motion seeking entry of a protective order concerning the designated materials, seeking to have the Court designate the

same as Confidential Information.  That motion shall be filed within 21 (twenty-one) calendar days after the Parties meet & confer as discussed earlier in this paragraph.  If the designating party fails to file the motion within 21 calendar days after the Parties meet & confer, then the challenged designation is waived.

(b)  Judicial Intervention.  In the event motion practice is necessary, the burden of persuasion shall be on the designating party. Until the Court rules on the challenge, all parties shall continue to treat the materials as Confidential Information under the terms of this Order.

10.    Use of Confidential Documents or Information at Trial. Nothing in this Order shall be construed to affect the use of any document, material, or information at any trial or hearing. A party that intends to present or that anticipates that another party may present Confidential Information at a hearing or trial shall bring that issue to the Court's and parties' attention by motion or in a pretrial memorandum without disclosing the Confidential Information. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

11.    Confidential Information Subpoenaed or Ordered Produced in Other Litigation.

(a)  If a receiving party is served with a subpoena or an order issued in other litigation that would compel disclosure of any material or document designated in this action as Confidential Information, the receiving party must so notify the designating party, in writing, immediately and in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

(b)  The receiving party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order. In addition, the receiving party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena to issue.

(c) The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the designating party in this case an opportunity to try to protect its Confidential Information in the court from which the subpoena or order issued. The designating party shall bear the burden and the expense of seeking protection in that court of its Confidential Information, and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court. The obligations set forth in this paragraph remain in effect while the party has in its possession, custody or control Confidential Information by the other party to this case.

12. <u>Protections Extended to Third-Party's Confidential Information.</u> The Parties agree to extend the provisions of this Protective Order to Confidential Information produced in this case by third parties, if timely requested by the third party.

13. <u>Applicability to Parties Later Joined.</u> If additional persons or entities become parties to this lawsuit, they must not be given access to any Confidential Information until they execute and file their written agreement to be bound by the provisions of this Order.

14. Obligations on Conclusion of Litigation

(a) Order Continues in Force. Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

(b) Obligations at Conclusion of Litigation. Within sixty-three (63) days after dismissal or entry of final judgment not subject to further appeal, all Confidential Information and documents marked "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" under this Order, including copies as defined in ¶ 3(a), shall be destroyed unless the document has been offered into evidence or filed without restriction as to disclosure.

(c) Retention of Confidential Information. Notwithstanding the above requirements to

destroy documents, each attorney may retain a copy of any Confidential Information submitted to the court. Further, and irrespective of whether the Confidential Information was submitted to the court, each attorney may retain Confidential Information as required by the professional rules of conduct for lawyers or as necessary for the attorney or attorney's law firm to defend against, including but not limited to, potential claims of malpractice, breach of contract, ethics disputes, bar complaints or grievance. Any retained Confidential Information shall continue to be protected under this Order. The retention period is for seven years.

15.   Order Subject to Modification. This Order shall be subject to modification by the Court on its own initiative or on motion of a party or any other person with standing concerning the subject matter.

16.   No Prior Judicial Determination. This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any document or material designated Confidential Information by counsel or the parties is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

17.   Persons Bound. This Order shall take effect when entered and shall be binding upon all counsel of record and their law firms, the parties, and persons made subject to this Order by its terms.

///

///

///

///

**WE SO MOVE**
**and agree to abide by the**
**terms of this Order**

*/s/ McKenzie Czabaj*

McKenzie Czabaj, AZ Bar No. 036711
appearance *pro hac vice*
**Consumer Justice Law Firm PLC**
8095 North 85th Way
Scottsdale, Arizona 85258
Phone: (480) 626-2376
Email: mczabaj@consumerjustice.com

*Counsel for Plaintiff*
*Lionel William Seals, Jr.*

Dated: February 23, 2026

**WE SO MOVE**
**and agree to abide by the**
**terms of this Order**

*/s/ Timothy J. St. George*

Timothy J. St. George, VA Bar No. 77349
appearance *pro hac vice*
**Troutman Pepper Locke LLP**
1001 Haxall Point, Suite 1500
Richmond, Virginia 23219
Phone: (804) 697-1254
Email: timothy.st.george@troutman.com

*Counsel for Defendant*
*Safety Holdings, Inc. d/b/a SambaSafety*

Dated: February 23, 2026

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF CALIFORNIA**
**SACRAMENTO DIVISION**

| | |
|---|---|
| Lionel Williams Seals, Jr., | Case No.: 2:25-cv-02960-DJC-CSK |
| Plaintiff, | |
| v. | **EXHIBIT A** **ACKNOWLEDGEMENT OF UNDERSTANDING AND AGREEMENT TO BE BOUND** |
| Safety Holdings, Inc. d/b/a SambaSafety, | |
| Defendant. | |

I have read and understand the protective order in the case captioned *Seals, Lionel Williams v. Safety Holdings, Inc. d/b/a SambaSafety*, Case No. 2:25-cv-02960-DJC-CSK, in the United States District Court for the Eastern District of California, Sacramento Division. As soon as my work in connection with that action has ended, but not later than 30 days after the termination of that action (including any appeals), I will return or destroy any confidential document that I received, any copy of or excerpt from a confidential document, and any notes or other document that contains information from a confidential document.

Date: _____

_____
Signature

_____
Printed Name

14